

Robert P. Falkner
Direct Phone: +44 (0)20 3116 2980
Email: rfalkner@reedsmith.com

Reed Smith LLP
The Broadgate Tower
20 Primrose Street
London EC2A 2RS
Phone +44 (0)20 3116 3000
Fax +44 (0)20 3116 3999
DX1066 City / DX18 London
reedsmith.com

11 March 2016

Our ref: RF/MS/769071.00001

**BY EMAIL
(FIONA.PADDON@FCA.ORG.UK)**

FAO: Fiona Paddon

Dear Sirs

**FCA INVESTIGATION – Solo Capital Partners LLP ("Solo"), West Point Derivatives Ltd, Old Park Lane Capital Ltd, Telesto Markets LLP ("Firms")**

We refer to your letter of 23 February 2016 (Ref: WSoo278/CIR040) ("the Letter") and specifically to paragraphs 1-14. Our clients' responses to the requests in paragraphs 1-14 are given below, using the number in your Letter.

**CUSTODY ASSETS**

**1.    Client Money and Assets Return (the "CMARs")**

You requested that we provide details of the Firms' holding of custody assets as at the 1st of the month within the **Relevant Period** (i.e. **from 01 January 2014 to 24 August 2015**).

Please find enclosed our clients' Client Money and Assets Return (the "CMARs") for each month covering the Relevant Period which disclose the safe custody assets held at month end.

**2.    Custody Agreements**

You have requested that we provide a copy of all custody agreements between the firms and the clients' listed at Appendix A. We attach the standard custody agreement terms electronically accepted by the clients, as evidenced by the attached extract from Survey Monkey (an on-line survey tool). This accounts for 162 of the 167 clients listed in Appendix A. It is believed the remaining 5 clients also executed these terms electronically, however, further investigation is required in order to confirm that this is the case.

Reed Smith LLP is a limited liability partnership registered in England and Wales with registered number OC303620 and its registered office at The Broadgate Tower, 20 Primrose Street, London EC2A 2RS. Reed Smith LLP is authorised and regulated by the Solicitors Regulation Authority. A list of the members of Reed Smith LLP, and their professional qualifications, is available at the registered office. The term partner is used to refer to a member of Reed Smith LLP, or a partner of an associated entity, or an employee of equivalent standing.

Reed Smith LLP is associated with Reed Smith LLP of Delaware, USA and the offices referred to below are offices of either Reed Smith LLP or Reed Smith LLP of Delaware, USA.
ABU DHABI ♦ ATHENS ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MUNICH ♦ NEW YORK
NORTHERN VIRGINIA ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ WASHINGTON, D.C. ♦ WILMINGTON

# ReedSmith

11 March 2016<br>
Page 2

We have not been able to ascertain whether there are any other agreements relevant to handling of income and entitlements attaching to Appendix A client assets and the reclaim of tax by these clients. This was the domain of the Global Securities Services team which was managed by Omar Arti (who left on 31st December 2014) and Martin Ward (who left on 31st December 2015) during the Relevant Period.

The last known contact details for whom are:

(i) Omar Arti –
- Address: 58 Main Road, Stonely, St Neots, PE19 5EP
- Telephone number: 07917 040 368 and +971 4428 1653
- Email Omar.h.arti1@gmail.com

(ii) Martin Ward -
- Address: 33 Little Wakering Road, Great Wakering, Essex SS3 0JB
- Telephone Number: 0781 3594 233

## 3. The Firm's sub-custodian(s)

It is believed that during the Relevant Period Societe General SA, Zurich Branch was the only sub-custodian used by the Firms. We believe that if there were any other sub-custodians used in connection with transactions in Danish securities either Omar Arti and/or Martin Ward would have knowledge in that regard.

## 4. All records of the holding of the holding of Danish equities by the Firms

You have asked that we provide all records, including those related to stock reconciliations, forwards and stock loans, of the holding of Danish equities by the Firms during the Relevant Period.

We attach stock reconciliation records for the Relevant Period.

With respect to any other records which may relate to the holding of Danish securities we have been unable to ascertain whether there are any further records. It may be that additional records are held on the TAS database. The Firms were informed by M Anwar on behalf of Mr Shah that a copy of the TAS database had been created for provision to the Firms. Mr Shah has since requested the Firms to deal with his lawyers, Allen & Overy, to obtain the copy but to date requests made of Allen & Overy have not resulted in provision of the copy TAS database requested.



11 March 2016
Page 3

**PREVIOUS RESPONSES**

5.   **The outsourcing of custody services to Genoa Services Ltd**

The position with respect to Genoa Services Ltd was clarified in our letter of 18th December 2015 paragraph 5 a (with the inclusion of relevant draft agreements).

6.   **Details of the process of settlement for T+3 and longer trades**

You have requested that we provide you with details of the process of settlement for T+3 or longer trades. We have not been able to ascertain whether there are any documents with details of the process of settlement for T+3 or longer settlement periods. This was the domain of the Global Securities Services ("GSS") team which was managed by Omar Arti and Martin Ward during the Relevant Period.

7.   **Clarification as to whether or not the Firms receive dividends paid on securities in connection with the clearing and settlement services they perform.**

a.   It is confirmed that the Firms attended to the vesting of dividend entitlements. For any further information on the process by which the Firms produced DCAs please refer to Omar Arti, Martin Ward and other members of the GSS team.

b.   It is not considered that the notification made by Solo Capital Partners LLP by letter dated 20th December 2013, attached (no record could be found of a January 2014 notification) concerning the fact that cash held with respect to clients was held under a TTCA implied that the Firms received dividend payments in cash on Danish securities purchased by their clients.

c.   The DCAs confirm that a dividend entitlement has been credited to the clients account and do not state that cash has been received. For any further information on the process by which the Firms produce DCAs during the Relevant Period please refer to Omar Arti, Martin Ward and the GSS team.

d.   Please see the response to c. above.

8.   **All documents relevant to the explanation provided in our response point 7. above**

The explanation to 7 is that the Firms did not receive dividends on Danish securities in cash. We have not been able to ascertain whether, in addition to documents already disclosed, there are any minutes, notes, procedures, agreements and correspondence during the Relevant Period. This was the domain of the GSS team. If it would assist we could carry-out a key word search against emails and documents electronically held by the Firms in order to identify whether any such documents may exist in the Relevant Period and we can liaise with you to agree appropriate search terms.

# ReedSmith

11 March 2016
Page 4

9.  **The Firm's explanation (and any supporting documentation) for Solo's position as stated on page 3 of the Solo CASS 6 Safety custody assets policy (PDF document) and the Firm's role as a custodian**

The reference to "position" is believed to be a reference to market position risk and not the holding or safe custody of client assets.

10. **Clearing and Settlement information as requested in item 6 of your letter dated 11/11/2015 (Ref: CIR037)**

The Firms relied on Martin Ward to produce the clearing/settlement information in response to item 6 of your information requirement CIR037. Please refer this question to Omar Arti, Martin Ward and the GSS team.

11. **Data as requested in item 8 of your letter dated 11/11/2015 (Ref: CIR037)**

The same applies to this question as to question 10 above.

12. **Request for an explanation of the process of and basis for approvals along with any relevant policies or procedures following our response to item 9 of your letter dated 11/11/2015 (Ref: CIR037)**

The reference to approvals meant confirmation that trades had matched (buy/sell).

13. **Further information requested following our response to item 6 of your letter dated 07/12/2015 (Ref: CIR038)**

a., b. & c.   With respect to the response to item 6 of information requirement CIR038 the agency lending business was unconnected with transactions, clearing, settlement or withholding tax refund claims for Danish securities.

d.   During the Relevant Period based on the information now available we understand the following persons constituted the email group solotradeapprovals@solo.com:
- Jason Browne
- Biljit Johal
- Claudia Sidoli
- Jessica Spoto
- Martin Ward



11 March 2016<br>Page 5

You have expressed a preference for the information relating to these requests to be provided to you in digital format. A zip file containing the documents referred to above responding to the requests in paragraphs 1 and 4 of your Letter is attached.

Yours faithfully

*Reed Smith*

Reed Smith LLP